**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CHAZ PINKSTON**                                                                   **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:22-cv-16-KS-MTP**

**SHUNLEKEE PENDLETON, ET AL.**                                   **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having considered the record and applicable law and having conducted a *Spears*[1] hearing, the undersigned recommends that this case be dismissed for failure to state a claim and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).[2]

## BACKGROUND

On August 13, 2020, Chaz Pinkston, a *pro se* prisoner plaintiff, filed Civil Action No. 5:20-cv-167-KS-MTP, and thereafter, the Court granted Plaintiff leave to proceed *in forma pauperis*. On March 11, 2022, the Court conducted a *Spears* hearing, and on March 22, 2022, the Court severed Plaintiff's claims into five separate civil actions (including the instant action) and directed Plaintiff to notify the Court whether he wishes to pursue (and, thus, pay the filing fee pursuant to the Prison Litigation Reform Act for) the severed cases. On April 4, 2022, Plaintiff informed the Court that he wishes to pursue the instant action.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from alleged events which occurred while Plaintiff was a post-conviction inmate at Wilkinson County Correctional Facility. Plaintiff's claims and relief sought were clarified by his sworn testimony at the *Spears* hearing.[3]

According to Plaintiff, Defendant Shunlekee Pendleton was a disciplinary hearing officer, who failed to follow proper procedure and presided over unfair hearings. Pendleton allegedly failed to call witnesses to the hearings, turned off the recorder during hearings, found Plaintiff guilty simply based on officers' statements, and handed down punishment exceeding that called for in prison disciplinary policy. Plaintiff alleges that Defendant Gabriel Walker reviewed these disciplinary hearings, but failed to correct Pendleton's errors. Plaintiff alleges that the punishment he received as a result of these disciplinary hearings was the loss of privileges, such as visitation, phone, and commissary purchases.

Plaintiff alleges that he wrote multiple letters to Defendants Governor Tate Reeves and former Mississippi Department of Corrections Commissioner Tommy Taylor concerning the disciplinary hearings, but correctional officers continued to not follow proper procedure during these hearings. Plaintiff alleges that he was required to follow all polices while the correctional officers were not and that Governor Reeves and Commissioner Taylor should have ensured that the policies were enforced.

As relief, Plaintiff seeks monetary damages.

---

[3] *See Flores v. Livingston*, 405 Fed. Appx. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

**STANDARD**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence

of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Plaintiff's allegations implicate his constitutional rights to due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall County*, 409 Fed. Appx. 794, 803 (5th Cir. 2011).

Protected liberty interests "are generally limited to state-created regulations or statues which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process Clause does not extend to every adverse or unpleasant condition experienced by an inmate. *Madison*, 104 F.3d at 767 (holding that 30-day commissary and cell phone restrictions do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Branch v. Ladner*, 2021 WL 5768094, at *1 (5th Cir. Dec. 3, 2021) (holding that two concurrent 30-day losses of privileges do not implicate a protected liberty interest); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (holding that reclassification, reassignment, and loss

of commissary, phone, and visitation privileges do not constitute a violation of a prisoner's constitutional rights).

Plaintiff alleges that as a result of the disciplinary hearings he lost certain privileges, such as visitation, phone, and commissary purchases. These hearings did not affect the quantity or duration of time he will spend in prison. Thus, regardless of whether Defendants provided Plaintiff adequate process, Plaintiff's liberty interests were not infringed upon by the punishment he received as a result of the disciplinary hearings. Plaintiff has not alleged that he suffered an atypical and significant hardship in relation to the ordinary incidents of prison life and, as a result, did not plead a violation of his due process rights cognizable under Section 1983.

Accordingly, this action should be dismissed for failure to state a claim. Under 28 U.S.C. § 1915(g), a strike may be imposed if a suit is "frivolous, malicious, or fails to state a claim upon which relief may be granted." As Plaintiff has not stated an actionable claim under § 1983, the dismissal of this action should count as a strike pursuant to § 1915(g).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. This action be DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. The dismissal count as a strike pursuant to 28 U.S.C. § 1915(g); and

3. If the above recommendations are adopted, a final judgment be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 7th day of April, 2022.

s/ Michael T. Parker<br>United States Magistrate Judge