IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAZ PINKSTON                                                                                  PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 5:22-CV-16-KS-MTP

SHUNLEKEE PENDLETON, ET AL                                                      DEFENDANTS

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court *sua sponte* for addressing a Report and Recommendation [8] entered by Magistrate Judge Michael T. Parker and Objections [9] filed by Chaz Pinkston (Plaintiff). The Court has considered the record and applicable law as well as the *Spears* [1] hearing conducted by Magistrate Judge Michael T. Parker and finds that this case must be dismissed for failure to state a claim and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). [2]

I.   PROCEDURAL HISTORY

On August 13, 2020, Chaz Pinkston, a *pro se* prisoner plaintiff, filed Civil Action No. 5:20-cv-167-KS-MTP, and thereafter, the Court granted Plaintiff leave to proceed *in forma pauperis*. On March 11, 2022, the Court conducted a *Spears* hearing, and on March 22, 2022, the Court severed Plaintiff's claims into five separate civil actions (including the instant action) and

---

[1] Spears vs. McCotter, 766 F. 2d 179 (5th Cir. 1985).

[2] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, … brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state aa claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

directed Plaintiff to notify the Court whether he wishes to pursue (and, thus, pay the filing fee pursuant to the Prison Litigation Reform Act for) the severed cases. On April 4, 2022, Plaintiff informed the Court that he wishes to pursue the instant action.

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from alleged events which occurred while Plaintiff was a post-conviction inmate at Wilkinson County Correctional Facility. Plaintiff's claims and relief sought were clarified by his sworn testimony at the *Spears* hearing.[3]

According to Plaintiff, Defendant Shunlekee Pendleton was a disciplinary hearing officer, who failed to follow proper procedure and presided over unfair hearings. Pendleton allegedly failed to call witnesses to the hearings, turned off the recorder during hearings, found Plaintiff guilty simply based on officers' statements, and handed down punishment exceeding that called for in prison disciplinary policy. Plaintiff alleges that Defendant Gabriel Walker reviewed these disciplinary hearings, but failed to correct Pendleton's errors. Plaintiff alleges that the punishment he received as a result of these disciplinary hearings was the loss of privileges, such as visitation, phone, and commissary purchases.

Plaintiff alleges that he wrote multiple letters to Defendants Governor Tate Reeves and former Mississippi Department of Corrections Commissioner Tommy Taylor concerning the disciplinary hearings, but correctional officers continued to not follow proper procedure during these hearings. Plaintiff alleges that he was required to follow all polices while the correctional

---

[3] *See Flores v. Livingston*, 405 Fed. Appx. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

2

officers were not and that Governor Reeves and Commissioner Taylor should have ensured that the policies were enforced.

As relief, Plaintiff seeks monetary damages.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. STANDARD

The Prison Litigation Reform Act, 28 U.S.C. § 1915 (e)(2), applies to Plaintiff who is proceeding *in forma pauperis*. This statute provides that "the Court <u>shall</u> dismiss the case at any time if the Court determines that …(B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." The Court is required to review the Complaint subject to this standard.

The Plaintiff must state a claim upon which relief may be granted with the Court accepting all well-pleaded facts as true and viewing them in the light most favorable to the Plaintiff. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twonbly,* 550 U.S. 544, 555 (2007)).

Plaintiff must state sufficient facts to establish a claim for relief that is believable on its face. Plaintiff must allege sufficient facts to raise his claim above the speculative level taking the allegations in the light most favorable to the Plaintiff. Also, the Plaintiff must allege that the Defendant is responsible for the alleged misconduct. The standard is low for the Plaintiff, but he must meet the threshold that requires that he alleged sufficient facts that reveal evidence necessary to establish his claims.

## IV.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objections [9] the Plaintiff argues several things. First, he brings up Sixth Amendment guarantees for criminal defendants and further raises the right of speedy public trial. This in no way addresses Judge Parker's reasoning in the Report and Recommendation and that while it may be true, it is irrelevant to the case at bar. Plaintiff continues with his reasoning stating that the Defendants do not conduct fair disciplinary hearings and he continues to claim that his Constitutional rights have been violated because of Defendants' failure to conduct said hearings. The balance of the Objections [9] do not address at all or point to any error in Judge

Parker's rationale in his Report and Recommendation. Even though Plaintiff makes conclusory allegations as to violations of his Constitutional right to due process, he does not address whether or not there has been a due process violation that has deprived Plaintiff of a liberty or property interest that is protected by the Constitution. The issue is "quantity" of time rather than quality of time served by a prisoner and the Objections never go there. The Court has thoroughly reviewed the Objections [9] and finds that irrespective of Plaintiff's claims that Plaintiff's liberty interest were not infringed upon by the punishment he received as a result of the disciplinary hearings. Judge Parker's findings are correct and not addressed by the Plaintiff in his Objections. Plaintiff did not plead a violation of due process rights cognizable under Section 1983. As a result he has not stated an actionable claim under Section 1983, and Plaintiff's Complaint must be dismissed. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

## IV.  CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Plaintiff's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Chaz Pinkston's

claim is DISMISSED WITH PREJUDICE. 28 U.S.C § 1915(g) provides that a strike may be imposed if a suit is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Plaintiff's Complaint qualifies and therefore the dismissal of this action should count as a strike pursuant to § 1915(g). All other pending motions are DENIED AS MOOT.

SO ORDERED this the ___5th___ day of January, 2023.

                                            _____s/Keith Starrett_____
                                            UNITED STATES DISTRICT JUDGE