IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAZ PINKSTON                                                                                          PLAINTIFF

VS.                                                        CIVIL ACTION NO. 5:22-cv-00016-KS-MTP

SHUNLEKEE PENDLETON, ET AL.                                                                DEFENDANT

## ORDER

THIS CAUSE is before the Court on Motion [34] for Leave to File a Motion for Reconsideration, etc., and Motion 35 for Reconsideration [23], Order Adopting Report and Recommendation, both of which were filed by Plaintiff Chaz Pinkston. The Court has reviewed the motions and the record in this case and finds as follows, to wit:

**Motion 34 for Leave to File Motion for Reconsideration**

Motion for Leave to File Motion for Reconsideration requests that Plaintiff be allowed to file a Motion for Reconsideration. The Court had previously granted Plaintiff the right to file a Motion for Reconsideration and granted Plaintiff thirty (30) additional days from January 25th, 2023, to file same [27], page 1.

The Motion for Reconsideration, Document 35 was not filed until March 6, 2023, which makes it twelve days past due. Irrespective of the lateness, the Court is it.

**Motion 3 for Reconsideration, re. [23] Order Adopting Report and Recommendation**

In the Motion for Reconsideration, Plaintiff recites first some allegations that were part of his original complaint, including an allegation that the Magistrate Judge made defenses for the

Defendants, that the Magistrate Judge misconstrued and disregarded Plaintiff's clear, fundamental, Constitutional rights under the 6th and 14th Amendments, that the Defendants willfully and intentionally subjected him to "lynch" hearings by bias (sic) hearing officers, plus the review/appeal process and actual policy for disciplinary procedures openly and blatantly promotes, supports and enforces bias by the Defendants [2] pages 1-2. The allegations continue with allegations of denial of the fundamental Constitutional right to a speedy trial, refusal of due process and others. The Plaintiff further alleges that there is nothing in his complaint that should warrant a strike and that the strike should be removed.

### The Report and Recommendation [8]

In the Report and Recommendation, Judge Parker gives a review of the facts and further stated the facts were clarified but the sworn testimony of the Plaintiff at a *Spears* hearing, and continued to state the allegations that Plaintiff brings against the Defendants and the consequences imposed on Plaintiff at the hearings. The Prison Litigation Reform Act 28 USC §1915 (e) (2) applies to prisoner proceedings in *forma pauperis* and provides "The Court shall dismiss the case any time that the Court determines that ... (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted or (iii) seeks monetary relief against the Defendant who is immune from such relief. The Prison Litigation Reform Act applies to this case. Facts must be plead to raise the right of relief above the speculative level.

SO ORDERED, this the 15th day of March 2023.

_____
UNITED STATES DISTRICT JUDGE